**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-35853 |
| Plaintiff - Appellee, | D.C. Nos. 3:04-cv-01213-HA |
| | 3:98-cr-00208-HA |
| v. | |
| BYRON VAN BRANCH, Jr., AKA Muff, AKA John Macell, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted December 9, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Byron Branch, Jr., ("Branch") was convicted in federal court of 31 counts of

various drug trafficking, money laundering, and related conspiracy offenses. He

was sentenced to the statutory mandatory minimum of life imprisonment. Both his

conviction and his sentence were upheld on appeal. Branch moved to set aside his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conviction pursuant to 28 U.S.C. § 2255. The district court denied the motion. Branch timely appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

"A district court's denial of a petition for writ of habeas corpus is reviewed *de novo*." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). The Sixth Amendment guarantees a criminal defendant's right to the effective assistance of counsel. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam). This right is violated when i) defense counsel's performance falls below an objective standard of reasonableness under prevailing professional norms, and ii) counsel's errors seriously prejudice the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Branch was not prejudiced by his counsel's failure to present a diminished capacity defense or witnesses supporting such a defense. Although the government alleged that Branch participated in a conspiracy that involved the distribution of hundreds of kilograms of cocaine, an amount of only five kilograms of cocaine is sufficient to trigger the statutory mandatory minimum life sentence Branch received. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). While a diminished capacity

defense might cast doubt on Branch's ability to foresee some effects of the conspiracy in which he participated, such a defense would not rebut the overwhelming evidence presented by the government at trial showing that Branch personally participated in the purchase and distribution of between five and eleven kilograms of cocaine.

The district court correctly denied Branch's Sixth Amendment conflict of interest claim without a hearing. "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (citations omitted). Branch's allegation that his attorney did not pursue a misconduct hearing against the government with appropriate vigor, possibly because the attorney was intimidated by government counsel, is speculative. Branch's allegation that his attorney chose to delay obtaining a SPECT scan due to intimidation is frivolous given his attorney's valid reasons for delaying the scan, including his concern that a negative scan would harm Branch's case.

As to the failure to call Branch's girlfriend as a witness, there was no failure of effective representation. Branch's lawyer decided not to call her because he concluded that doing so could result in the introduction of evidence that Branch

had acted violently towards her, and that evidence would prejudice Branch's overall defense. This strategic determination was not objectively unreasonable.

Finally, as to Branch's claims regarding restrictions on his ability to review discovery materials, the district court did not issue a Certificate of Appealability ("COA") on that issue. A request to broaden a COA is considered de novo. *Mendez v. Knowles*, 556 F.3d 757, 770 (9th Cir. 2009) (citations omitted). "A habeas petitioner's assertion of a claim [for obtaining or expanding a COA] must make a substantial showing of the denial of a constitutional right." *Id*. "There is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 846 (1977), and Branch concedes that his case does not fall within one of the exceptions to *Weatherford*'s general rule. We therefore decline to expand the COA to include this issue.

**AFFIRMED.**